IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOSHUA K. HIMES,<br><br>    Plaintiff,<br><br>vs.<br><br>LINSEY M. BRYANT,<br><br>    Defendant. | **8:25CV164**<br><br>**MEMORANDUM AND ORDER** |

  This matter is before the Court on a motion to dismiss, Filing No. 11, filed by Plaintiff, Joshua K. Himes ("Plaintiff"), seeking to voluntarily dismiss his complaint due to inability to pay the initial partial filing fee of $17.56, ordered by this Court on March 28, 2025 ( the "IFP Order"), Filing No. 10. However, upon review of Plaintiff's Complaint, Filing No. 1, it appears that Plaintiff is a civilly committed sex offender and therefore his motion to proceed in forma pauperis, Filing No. 6, should have been processed as a non-prisoner filing.[1] Upon review of Plaintiff's motion, Filing No. 6, and account certificate, Filing No. 9, no payment of fees is necessary. And, as Plaintiff need not pay a filing fee to proceed, and as his motion to dismiss sought to dismiss this matter solely due to his inability to pay filing fees, the motion to dismiss shall be denied without prejudice as moot.

---

[1] Because Plaintiff is civilly committed to a state mental institution, Plaintiff is not a "prisoner" within the meaning of the PLRA. *See Reed v. Clarke*, No. 4:04CV3168, 2005 WL 1075092, at *1 n.1 (D. Neb. May 5, 2005) ("The plaintiff is presently in the Lincoln Regional Center pursuant to a mental health commitment. The Prison Litigation Reform Act ('PLRA') does not apply to persons in custody pursuant to the Mental Health Commitment Act, as the definition of 'prisoner' in the PLRA does not include a person involuntarily committed for reasons of mental health.") (citing *Kolocotronis v. Morgan*, 247 F.3d 726, 728 (8th Cir. 2001)).

IT IS THEREFORE ORDERED:

1. The March 28, 2025, IFP Order, Filing No. 10, is vacated.

2. The Court finds that Plaintiff is financially eligible to proceed in forma pauperis and the IFP motion shall be granted, Filing No. 6, and the Complaint shall be filed without payment of fees.

3. The Clerk of the Court is directed to update the Court's records to reflect that Plaintiff is not liable for payment of the filing fee.

4. The motion to dismiss, Filing No. 11, is denied without prejudice as moot. If Plaintiff still seeks to dismiss his complaint for reasons other than payment of filing fees, which is no longer required in this matter, he may file a new motion to dismiss stating other reasons for dismissal.

5. Plaintiff is advised that the next step in his case will be for the Court to conduct an initial review of her claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2). The Court will conduct this initial review in its normal course of business.

Dated this 5th day of May, 2025.

BY THE COURT:

*John M. Gerrard*

John M. Gerrard
Senior U.S. District Court Judge