IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOSHUA K. HIMES, <br><br> Plaintiff, <br><br> vs. <br><br> LINSEY M. BRYANT, <br><br> Defendant. | **8:25CV164** <br><br> **MEMORANDUM AND ORDER** |

The matter is before the Court on a complaint filed pursuant to 42 U.S.C. § 1983 by Plaintiff Joshua K. Himes ("Plaintiff"), a civilly committed person proceeding in forma pauperis,[1] on October 18, 2024 (the "Complaint"). Filing No. 1. An initial review of the Complaint must be conducted by this Court to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e).

For the reasons set forth below, this Court finds that summary dismissal of the Complaint is appropriate due to a multitude of pleading deficiencies, and that leave to amend would be futile as the relief Plaintiff seeks is unavailable to him. As such, for the reasons set forth below, the matter shall be dismissed without prejudice.

## I. SUMMARY OF COMPLAINT

Plaintiff's Complaint, Filing No. 1, is extremely deficient. Plaintiff sues Linsey M. Bryant, who appears to have been Plaintiff's private counsel, in her individual capacity for "leaving" him in the Norfolk Regional Center (the "NRC") instead of helping him "get out." Filing No. 1 at 3-5. He seeks release

---

[1] *See* Filing No. 10 (granting leave to proceed in forma pauperis without payment of fees).

from the "NRC," a review of his "case" by this Court, and $45,000 in damages. *Id.* at 5. He supplies no other factual details in support, and he alleges no injuries. *Id.*

## II. INITIAL REVIEW STANDARD

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Id.* at 849 (internal quotation marks and citations omitted).

## III. DISCUSSION

Plaintiff's Complaint suffers from significant pleading deficiencies, which if unaddressed, would require its dismissal. However, his Complaint also suffers from other issues which require its dismissal even if adequately pleaded.

Federal Rule of Civil Procedure 8 requires that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "each allegation . . . be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). A complaint must state enough to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (quoting *Twombly,* 550 U.S. at 555). Complaints filed by pro se litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers, as set forth above. However, even pro se litigants must comply with the Federal Rules of Civil Procedure.

Here, Plaintiff's Complaint fails to meet this minimal pleading standard, as the Court cannot discern any cognizable claim for relief. The Complaint lacks any information allowing for this Court to determine what the defendant specifically did to cause Plaintiff to be "left" in NRC aside from apparently acting as his counsel, or what claim arises from Plaintiff's being "left" at the NRC. The pleading deficiencies are inconsequential, however, as there appears to be no basis under which any claims may proceed against the sole defendant Bryant.

Plaintiff brings his claims under 42 U.S.C. § 1983. Filing No. 1 at 3. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person

acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

What this Court infers, from the totality of Plaintiff's Complaint, is that Bryant is or was Plaintiff's counsel. However, there is no indication that Bryant was acting under color of law during her representation of Plaintiff. The conduct of lawyers, simply by virtue of being officers of the court, generally does not constitute action under color of law. *See DuBose v. Kelly*, 187 F.3d 999, 1003 (8th Cir. 1999). Instead, a § 1983 claim potentially may be brought against a public defender, or any other private individual, but only if he or she conspires with a state actor to deprive an individual of a federally-protected right. *Longs v. McManaman*, No. 4:18CV3161, 2019 WL 2717714, at *4 (D. Neb. June 28, 2019) (citing *Manis v. Sterling*, 862 F.2d 679, 681 (8th Cir. 1988)). "The actions of privately retained counsel are [also] not considered state action and therefore cannot form the basis of a § 1983 claim." *Dunn v. Hackworth,* 628 F.2d 1111, 1112 (8th Cir. 1980).

Finally, relief in the instant matter is limited to only those forms that are cognizable in § 1983 actions. "The Supreme Court has explained that 42 U.S.C. § 1983 creates a species of tort liability where the basic purpose of § 1983 damages is to *compensate persons for injuries* that are caused by the deprivation of constitutional rights." *Markham v. Tolbert,* No. 22-CV-0187, 2022 WL 17819354, at *11, n. 1 (D. Minn. Dec. 20, 2022) (emphasis in original) (quotations omitted) (quoting *Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 305–07 (1986)). Therefore, while the monetary damages Plaintiff seeks is available, relief such as release from the NRC is not.[2] However, general principles of tort law require that a plaintiff suffer some actual injury before

---

[2] Plaintiff cannot bring an action under 42 U.S.C. § 1983 to obtain release from custody. That relief must be obtained, if at all, by successfully pursuing a habeas claim. *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994); *Carter v. Bickhaus*, 142 F. App'x 937, 938, 2005 WL 1767942, at *1 (8th Cir. 2005).

4

he can receive compensation. *Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008). As Plaintiff alleges no injury, he cannot be compensated.

IT IS THEREFORE ORDERED that:
1. Plaintiff's Complaint is therefore dismissed without prejudice.
2. A separate judgment of dismissal will be entered.

Dated this 19th day of August, 2025.

BY THE COURT:

John M. Gerrard
Senior United States District Judge